IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEOPOLD GUIDRY,**                           **CASE NO. 2:08-cv-1191**
                                                                             **JUDGE SMITH**
                  **Petitioner,**                      **MAGISTRATE JUDGE KEMP**

v.

**WARDEN MICHAEL SHEETS,**

                  **Respondent.**

## OPINION AND ORDER

On May 19, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be denied. Petitioner has objected to that recommendation. For the following reasons, and after a *de novo* review of the issues raised by petitioner, his objections will be overruled, and this case will be dismissed.

As the Report and Recommendation states, the petition filed in this case raises a single ground for relief. Petitioner's claim is as follows:

> **GROUND ONE:** Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the trial court failed to grant Petitioner's motion for a new trial after the prosecution's key witness recanted her testimony implicating Petitioner Guidry.

The Magistrate Judge concluded that petitioner's due process claim was without merit because, under the exacting standard of review applicable to this type of claim (which does not directly allege any constitutional error in the state trial itself), petitioner had

not shown that the state court proceedings were fundamentally unfair.  To the extent that petitioner was making a claim of actual innocence based on the evidence submitted in support of his motion for a new trial, the Magistrate Judge viewed that claim as foreclosed by this Court's decision in *Austin v. Mack*, 2005 WL 1652533 (S.D. Ohio July 11, 2005).

In his objections, petitioner argues that the subsequent recantation of her trial testimony by witness Alicia Hanson demonstrates that his conviction was obtained by the use of false testimony, and that allowing a conviction procured by false testimony to stand is a violation of the due process clause.  He again argues that because of the many different versions he offered of how the victim in this case, Falicia Hanson, came to be injured, his final confession to having been the one to strike her should not have been considered reliable.  He posits that if Alicia's post-trial statements had been admitted at trial along with her testimony that implicated petitioner as the perpetrator, the evidence would have been insufficient to sustain a conviction.

Petitioner does not directly address the Magistrate Judge's conclusion that, to the extent he is claiming actual innocence, that claim will not sustain federal habeas corpus relief in a case such as this.  He also does not directly address the conclusion that he cannot collaterally attack the factual finding of the state court concerning the "equivocal" nature of the recantation under 28 U.S.C. §2254(e)(1), which articulates a presumption of correctness that attaches to state court factual findings.  Rather, he simply articulates his argument that the state court got it wrong when it concluded that Alicia's post-trial recantation was not as credible as her trial testimony.  The Court

concludes that petitioner has not met his burden under §2254(e)(1) of producing "clear and convincing evidence" to rebut this presumption of correctness, and that this Court must accept the state court's factual findings on this issue.  That finding completely undercuts petitioner's claim that he was convicted on the basis of false testimony, because the state court concluded that it was more likely than not that the false testimony was the purported recantation and not the trial testimony at issue.

The Court also is not persuaded that the state court proceedings, viewed in their entirety, denied petitioner fundamental fairness.  He had a full and fair opportunity to contest his guilt at trial, and a full opportunity to raise his claims in a motion for a new trial.  His contention comes down to a basic disagreement with how the state court viewed the evidence which he presented in support of that motion.  This Court finds no constitutional error in the process, and therefore no basis for federal habeas corpus relief.

For the foregoing reasons, petitioner's objections (#20) to the Report and Recommendation (#17) are **OVERRULED**.  The Report and Recommendation is **ADOPTED**.  This case is **DISMISSED.**

      **IT IS SO ORDERED**.

    \s\ George C. Smith
**GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**